UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LAURA REYES, et al.,

    Plaintiffs,

    v.

ORGANON USA INC., et al.,

    Defendants.
_____/

No. C 13-3428 PJH

**ORDER GRANTING DEFENDANTS' MOTION TO STAY**

    Before the court is defendants' motion to stay the above-entitled action pending the determination by the Judicial Panel on Multidistrict Litigation ("JPML") regarding the transfer of this case to MDL 1964 in the Eastern District of Missouri ("the NuvaRing® MDL"). Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby GRANTS the motion to stay.

    Plaintiffs filed this action in the Superior Court of California, County of San Francisco, on July 10, 2013. Defendants Organon USA, Inc., Organon Pharmaceuticals USA Inc. LLC, Organon International, Inc., and Merck & Co., Inc. ("the Merck defendants") removed the case on July 24, 2013, alleging diversity jurisdiction.[1] Also on July 24, 2013, the Merck defendants notified the JPML of a number of tag-along actions, including this matter, awaiting transfer to the NuvaRing® MDL. On July 30, 2013, plaintiffs filed a motion to remand, arguing that the court lacks subject matter jurisdiction over this case because they and defendant McKesson Corporation are all citizens of California. On July 31, 2013, On July 31, 2013, the Merck defendants filed the present motion to stay pending transfer.

    On July 31, 2013, the JPML issued Conditional Transfer Order 197, conditionally

---

[1] Defendant McKesson Corporation did not join in the notice of removal.

transferring the tag-along actions, including this matter. On August 7, 2013, plaintiffs filed a Notice of Opposition to CTO 197.

The JPML has the authority to transfer "civil actions involving one or more common questions of fact [which] are pending in different districts . . . to any district for coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(a). To date, more than 1200 NuvaRing® actions have been transferred to MDL No. 1964. When evaluating a motion to stay, a primary factor the court should consider is the preservation of judicial resources. Rivers v. Walt Disney Co., 980 F.Supp. 1358, 1360-61 (C.D. Cal. 1997). Staying an action pending transfer can help prevent duplicative litigation and inconsistent rulings. Id.

Other courts, including courts within the Northern District, have granted motions to stay in order to preserve judicial resources, even where motions to remand are also pending. See J.W. v. Pfizer, Inc., 2013 WL 1402962 at *2 (N.D. Cal. Apr. 5, 2013); Freitas v. McKesson Corp., 2012 WL 161211 (N.D. Cal. Jan.10, 2012); Nichols v. DePuy Orthopaedics, Inc., 2011 WL 5335619 (N.D. Cal. Nov. 2, 2011); McCrerey v. Merck & Co., 2005 WL 6124182 (S.D. Cal. Mar. 3, 2005). There is nothing to preclude the MDL court from considering the jurisdictional issues after the transfer. Here, staying the case and the eventual transfer of the case would promote judicial economy because the cases raising the same issues regarding NuvaRing® would be consolidated for discovery and pretrial proceedings.

The question whether McKesson Corporation is a proper defendant in the NuvaRing® cases should be decided by one court, because the result otherwise would be potential inconsistency in judicial rulings. Plaintiffs in numerous other NuvaRing®-related cases in California have named McKesson as a defendant, including in Gonzalez v. Organon, C-12-6161 PJH (N.D. Cal.); Axelrod v. Organon, C-13-0117 YGR (N.D. Cal.); Baldwin v. Organon, C-13-1720 TEH (N.D. Cal.); Burgueno v. Organon, C-12-10883 MWF (C.D. Cal.); Chinchilla v. Organon, C-13-0039 MWF (C.D. Cal.); Vazquez v. Organon, C-13-0055 MWF (C.D. Cal.), Smith v. Organon, C-13-0130 MWF (C.D. Cal.), Hackett v.

Organon, C-13-0077 MWF (C.D. Cal.), and Wilson v. Organon, C-13-0705 CW (N.D. Cal.), all of which have been transferred to the MDL; and in Buyak v. Organon, C-13-3128 WHA (N.D. Cal.) and Clarke v. Organon C-13-2290 CW (N.D. Cal.), which have been stayed pending transfer to the MDL. Since the question whether McKesson is a proper defendant in the NuvaRing® cases is now before the MDL, the court finds that judicial economy would be better served by staying this case pending the transfer, rather than by considering the motion to remand. Accordingly, for the foregoing reasons, the court finds that defendants' motion to stay must be GRANTED. The September 4, 2013 hearing date is VACATED.

**IT IS SO ORDERED.**

Dated: August 26, 2013

_____
PHYLLIS J. HAMILTON
United States District Judge